UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In the Matter of the Application of the Infants:
SD, AD, and LD, by their Mother and Natural
Guardian, TD and TD, Individually,

                Petitioners,

          -against-

GREATER NEW YORK INSURANCE
COMPANY, STAR HOTELS INTERNATIONAL
CORPORATION d/b/a THE MICHAELANGELO
HOTEL, STARHOTELS S.p.A. and THE
MICHAELANGELO HOTEL,

                Respondents.
----------------------------------------------------------X

18 **CIVIL** 11653 (JGK)(JLC)

**JUDGMENT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/10/19

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated March 18, 2019, and the Court's Order dated April 3, 2019, Magistrate Judge Cott's Report and Recommendation is adopted and judgment is hereby entered in accordance with the Infants' Compromise Order as follows: IT IS, ORDERED, that the parent and natural guardian of the infant petitioners TD be and hereby is authorized and empowered to enter into a compromise and settlement of the infants SD, AD and LD, cause(s) of action herein for future periodic payments and up-front cash at a total cost in the sum of ONE HUNDRED THIRTY THOUSAND AND 00/100 DOLLARS ($130,000.00), upon the terms set forth below; and it is further ORDERED, that GREATER NEW YORK MUTUAL INSURANCE COMPANY, insurance carrier for the respondents, is authorized and directed to pay future periodic payments and up-front cash at a cost in the total sum of ONE HUNDRED THIRTY THOUSAND AND 00/100 DOLLARS ($130,000.00); and it is further ORDERED, that out of said total sum, disbursements payable to MOLOD, SPITZ & DESANTIS, P.C. shall be made on

petitioners' behalf in the sum of $545.46; and it is further ORDERED, that out of said total sum, attorney's fees payable to MOLOD, SPITZ & DESANTIS, P.C. shall be made on petitioner's behalf in the sum of $28,767.68; and it is further ORDERED, that out of said total sum, NEWMOON LAW P.C. has no disbursements and that attorney's fees payable to NEWMOON LAW, P.C. shall be made on petitioner's behalf in the sum of $14,383.84; and it is further ORDERED, that out of said total sum, medical expenses shall be made on petitioner's behalf in the sum of $1,555.48; and it is further ORDERED, that GREATER NEW YORK MUTUAL INSURANCE COMPANY, the insurance carrier for the respondents, shall be required to make the following periodic payments, to the infant petitioner SD, under the terms hereafter set forth: A guaranteed lump sum payment of $20,000.00 on 8/15/2038; A guaranteed lump sum payment of $30,000.00 on 8/15/2040; A guaranteed lump sum payment of $60,922.09 on 8/15/2042. All of which said future periodic payments shall be made payable to SD. (total guaranteed payout $110,922.09; cost of annuity: $50,848.52.); and it is further ORDERED, that GREATER NEW YORK MUTUAL INSURANCE COMPANY, the insurance carrier for the respondents, shall be required to make the following periodic payments to the infant petitioner, AD under the terms hereafter set forth: A guaranteed lump sum payment of $5,000.00 on 11/27/2032; A guaranteed lump sum payment of $10,000.00 on 11/27/2034; A guaranteed lump sum payment of $14,562.90 on 11/27/2036. All of which said periodic payments shall be made payable to AD. (total guaranteed payout $29,562.90; cost of annuity: $16,949.51.); and it is further ORDERED, that GREATER NEW YORK MUTUAL INSURANCE COMPANY, the insurance carrier for the respondents, shall be required to make the following periodic payments to the infant petitioner, LD under the terms hereafter set forth: A guaranteed lump sum payment of $5,000.00 on 12/5/2028; A guaranteed lump sum payment of $8,000.00 on 12/5/2030; A guaranteed lump

sum payment of $12,322.14 on 12/5/2032. All of which said periodic payments shall be made payable to LD. (total guaranteed payout $25,322.14; cost of annuity: $16,949.51.); and it is further ORDERED, that the infant SD shall have the right after her eighteenth birthday, to submit request to the owner of the annuity to change the beneficiary; and it is further ORDERED, that the infant SD shall have the right after her eighteenth birthday, to submit request to the owner of the annuity to change the beneficiary; and it is further ORDERED, that the infant LD shall have the right after her eighteenth birthday, to submit request to the owner of the annuity to change the beneficiary; and it is further ORDERED, that GREATER NEW YORK MUTUAL INSURANCE COMPANY shall immediately forthwith fund the periodic payment obligation by issuing a check, draft or wire transfer made payable to or wired to MetLife Assignment Company, Inc. in the sum of Eighty Four Thousand Seven Hundred Forty Seven and 54/100 Dollars ($84,747.54). If payment is made by check or draft, said check or draft shall be delivered to Creative Capital Inc., the structured settlement broker placing the case; and it is further ORDERED, that upon making and receipt of all of the payments above directed in compliance with this Order, as well as the assignment to MetLife Assignment Company, Inc., as set forth above, the respondents and their insurance carrier shall then be discharged from any and all responsibility as to the causes of action set forth in this action; and it is further ORDERED, that any claim for loss of services and/or medical expenses of the petitioners' mother and natural guardian be and the same hereby is dismissed without costs; and it is further ORDERED, that upon the payment of the amounts set forth herein and execution of the settlement agreement and the assignment agreements, respondents and their insurer shall have no further liability herein; and it is further ORDERED, that petitioners' attorney shall serve upon the respondents' insurance carrier GREATER NEW YORK MUTUAL INSURANCE COMPANY, a copy of this executed

Order and all supporting papers, as well as a copy of the final and executed structure documents (including the annuity contracts, the settlement agreement, the assignment agreements and the guarantees); and counsel shall file a copy of all of the above with the office of the Clerk of the Court, together with proof of service of same; and it is further ORDERED, that neither the future periodic payments, the right to receive the future periodic payments, nor the annuity or annuities purchased to fund the future periodic payments to SD, AD and LD may be sold, factored or transferred without written permission from this court; and it is further ORDERED, that the filing of a bond be dispensed with pursuant to Local Rule 83.2 (a)(1) and CPLR §1210.

**Dated:** New York, New York
April 10, 2019

**RUBY J. KRAJICK**

**BY:** _____
**Clerk of Court**

*[signature]*

**Deputy Clerk**